# WEST INDIA OIL COMPANY, Complainant,
## v.
# CAYEY SUGAR COMPANY, Dft.

San Juan, Equity, No. 1153.

Opinion filed June 26, 1923.

*Mr. O. B. Frazer* for complainant.

*Mr. Gabriel de la Haba* for defendant.

*Mr. H. G. Molina,* and *Mr. Leopoldo Feliu* for receivers.

ODLIN, Judge, delivered the following opinion:

The controversy which has arisen in this case is an extremely unfortunate one, but the rules and precedents of other United States courts controlling matters of the same nature as the present controversy make it easy for me to reach a decision.

Briefly stated, the facts are as follows: In the month of July, 1922, Rafael Martinez Dominguez and Jose Maria del Valle were appointed receivers of the properties of the defendant corporation by the Hon. Harvey M. Hutchinson, associate justice of the supreme court of Porto Rico while he was the acting judge of this court during the absence of the undersigned in the United States. Mr. H. G. Molina acted as counsel for these receivers, and recently he has associated with him Mr. Leopoldo Feliu. The receivers administered the property, and there is no complaint as to the result of their administration, but it is claimed by the officers of the defendant corporation that they both agreed to accept the appointment as receivers and to act without any compensation, because all parties were desirous of keeping down the expenses, and this receivership was a friendly proceeding, all parties consenting to the action which was taken by Mr. Justice Hutchinson. In the month of April or May of the present year plans were instituted for a reorganization of the defendant company or corporation, which plans if carried out, would result in a dismissal of the present proceeding, and, of course, a discharge of these two receivers. A dispute then arose as to whether these two gentlemen who had been acting as receivers actually made an agreement to serve without compensation, as has been testified to by various officers of the defendant corporation. The receivers denied any such agreement, whereupon application was made to this court by counsel for the defendant corporation that these two receivers be removed and that two other receivers be named in their place. Mr. Rafael Martinez Dominguez and Mr. Jose Maria del Valle declined to resign and protested against their removal until and unless their compensation should be fixed by this

court and paid to them. About the same time of the filing of the petition for removal there was also filed a petition by the present receivers and by their counsel for compensation to be fixed by this court. The two matters have been heard together, and a large amount of testimony has been taken.

I am satisfied that if an agreement actually be made that a receiver of an insolvent corporation shall serve without compensation, this agreement is not an illegal one. Of course it is a very unusual contract, but I have found at least one case in which such an agreement was made, and thereafter it was argued before the supreme court of Indiana that that agreement should not be recognized because contrary to public policy. That court, however, did hold that in the absence of fraud an agreement of this nature would be recognized by the court. The case is that of Polk v. Johnson, decided in 1903 by the supreme court of Indiana, opinion by Chief Justice Hadley, reported in 66 N. E. 752, also in 160 Ind. 292, 98 Am. St. Rep. 274.

Believing that the law is the same in the Federal court as established by the supreme court of Indiana, the only question remaining before me is one of fact. Was this agreement made, or was it not made? The witnesses for the defendant corporation are positive and direct in their testimony that it was made, and the two receivers positively deny that it was made. It is an extremely unpleasant situation in which this court is placed, because I am forced to hold that certain witnesses have testified falsely, and I must disregard their testimony; or I must decide that there was a very serious misunderstanding, which seems to me almost inexcusable. All these gentlemen who have testified in this case are experienced business men engaged in large

and important enterprises in the Island of Porto Rico, and prominent in the commercial and financial world. It is, however, beyond question, that the officers of the defendant corporation acted with gross negligence, if such an agreement was made, in not insisting that it be in writing so as to avoid any possible controversy of this nature arising thereafter. It is claimed that the matter was discussed during a meeting of the board of directors before the filing of the bill in this case, and there is also testimony tending to show that this matter was discussed in a subsequent meeting, not only of the directors of the defendant corporation, but also of its stockholders. No reference whatever to this alleged agreement is made in the minutes of the corporation book. The explanation of the secretary of the corporation why this was not done is very unsatisfactory to me.

Furthermore, such an agreement as this being an unnatural one, the burden of proof of course is upon the party who seeks to establish such an agreement. I have carefully considered the testimony which has been taken before me personally, and I am clearly of the opinion that this burden of proof which the law imposes upon the defendant corporation has not been supported by the testimony.

I therefore am obliged to deny the petition for the removal of the two present receivers until their compensation shall be paid, as fixed by me, and I understand that they are willing to resign as soon as such payment shall be made.

I am clearly of the opinion that each of said two receivers, Mr. Rafael Martinez Dominguez and Mr. Jose Maria del Valle, is entitled to the sum of $2,000 for his services in connection with the present case. I am also clearly of the opinion that

Mr. H. G. Molina, as counsel for said two receivers, is entitled to the like amount of $2,000 for his services.

It is Ordered and Decreed that each of said two receivers shall be allowed to withhold from the funds in the possession of the receivers the sum of $2,000 for each of them, and

It is further Ordered and Decreed that the said two receivers pay to H. G. Molina the sum of $2,000 in full, as counsel for said receivers.

To this order and decree the attorney for the Cayey Sugar Company excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 26th day of June, 1923.